IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE ALLEN,

      Plaintiff,                       No. 2:10-cv-0388 GEB KJN P

   vs.

W. WOOD, et al.,

      Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis, in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's Fourth Amended Complaint filed November 24, 2010. (Dkt. No. 18). Defendants have answered the complaint. (Dkt. No. 31.) On June 9, 2011, the court issued a preliminary scheduling order setting a discovery deadline (September 30, 2011), and a deadline for filing dispositive motions (December 23, 2011). Also on June 9, 2011, plaintiff filed three matters, each submitted to the court before plaintiff had an opportunity to review the court's scheduling order. The court addresses each of the matters filed by plaintiff.

        First, in response to the court's order filed April 21, 2011 (Dkt. No. 28), plaintiff filed a statement of good cause explaining why he is unable to provide further information necessary to serve process on defendant Lawrence (Dkt. No. 34). The court is satisfied that

plaintiff has made a good faith effort to obtain this information.  Defendants will be directed to supply such information if it is available.

Second, plaintiff filed a motion for an extension of time (180 days), within which to seek counsel and research case law.  Plaintiff states that he "will be released in less than ninety days and would like to continue with the litigation upon release . . . but believes a lawyer would be better equip[p]ed to do so." (Dkt. No. 35 at 1.)  This request is denied without prejudice; plaintiff may renew the request upon his release from prison, or upon submission of an official document that identifies the date of plaintiff's release.

Third, plaintiff seeks appointment of counsel.  (Dkt. No. 36.)  Plaintiff asserts that appointment of counsel is necessary due to the complexity and merits of this case, and plaintiff's in forma pauperis status.  As this court has previously informed plaintiff, district courts lack authority to require counsel to represent indigent civil rights litigants.  Mallard v. United States District Court, 490 U.S. 296, 298 (1989).  While the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), such requests are made only in exceptional circumstances, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The court denied plaintiff's prior motions for appointment of counsel, finding in October 2010 that the required exceptional circumstances were not present because "[p]laintiff's [first] amended complaint is clearly presented, the relevant facts are limited and straightforward, and the cognizable legal claims are circumscribed and based on well-established principles.  Plaintiff has, to date, demonstrated the ability adequately to represent himself." (Dkt. No. 13 at 2.)  Although the case now proceeds on plaintiff's Fourth Amended Complaint, the relevant facts of the case remain limited, consistent with the court's initial observation that "[t]he factual allegations of the complaint encompass a short period of time, from approximately October 9, 2008, through October 14, 2008, and focus on the alleged failure of several medical personnel at the California Correctional Center ("CCC") in Susanville, California, to provide or obtain

adequate medical care for plaintiff whose cast had broken." (Dkt. No. 13 at 4.) The limited scope of these facts, coupled with plaintiff's proven ability to articulate his claims, compels the court to again conclude that this case does not present exceptional circumstances warranting the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff's anticipated release from prison further supports the court's decision to deny his request for appointment of counsel pursuant to Section 1915(e)(1), which is limited to prisoners.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants shall, within fourteen days, provide plaintiff with the information necessary to effect service of process on defendant Lawrence, if such information is available, and shall contemporaneously file a declaration in this court setting forth defendants' compliance or attempted compliance with this order.

2. Plaintiff's request for an extension of time in this litigation (Dkt. No. 35) is denied without prejudice; plaintiff may renew his request upon his release from prison, or upon submission of an official document that identifies the date of plaintiff's release.

3. Plaintiff's request for appointment of counsel (Dkt. No. 36) is denied.

SO ORDERED.

DATED: June 15, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

alle0388.misc